[No. 3242.   Nov. 19, 1927.]

PERSHING v. WARD et al.

[262 Pac. 177.]

Reese & Reese and Ed S. Gibbany, all of Roswell, for appellant.

L. O. Fullen, of Roswell, for appellee Ward.

J. H. Jackson, of Artesia, for appellee Brainard-Corbin Hardware Co.

Geo. U. McCrary, of Artesia, for appellee Mann.

### OPINION OF THE COURT

BICKLEY, J.   Appellee presents a motion to strike from the transcript of record "brief of plaintiff."   Appellant concedes that this paper is no part of the record proper and should not have been incorporated therein.   The motion to strike is sustained, in so far as it refers to said "brief of plaintiff."

The second paragraph of appellee's motion is as follows:

"(2) Appellees further move the court to strike from the transcript of record in this cause, the following:

"(1) Plaintiff's motion requesting the court to make findings of fact and conclusions of law.

"(2) Exceptions of plaintiff to memorandum and findings of the court made April 7, 1927.

"(3) Plaintiff's motion requesting the court to make findings of fact and conclusions of law.

"(4) 'Exceptions of the plaintiff, R. S. Pershing, to the findings of fact made by the court herein on the 18th day of May, 1926, and to the refusal of the court to make findings of fact and conclusions of law requested by plaintiff herein.'

"(5) Additional conclusions of law requested by the plaintiff.

"And for grounds of said motion state:

"(1) That said requested findings of fact and conclusions of law by plaintiff, and plaintiff's exceptions to the court's findings of fact and exceptions to the failure of the court to make findings of fact and conclusions of law, as set out in the above paragraphs, are not a part of the record proper in this cause, in that they are not required to be filed by any statute or rule, and are not shown to have been ordered filed by the trial court in the cause as a part of the record proper, and cannot therefore be shown in the record proper, and are improperly inserted therein.

"(2) That they are not included in any authenticated bill of exceptions, and are not included in or covered by the certificate of the trial judge settling and signing the bill of exceptions, and this court is without jurisdiction or authority to consider the same in any manner."

The clerk of the district court certifies that the papers referred to in said paragraph 2 of appellee's motion were filed in his office.

On the authority of Vosburg v. Carter, 33 N. M. 86, 262 P. 176, the motion is overruled as to the papers referred to in sub-paragraphs (1), (3), and (5).

As to the papers referred to in subparagraphs (2) and (4) of said second paragraph of the motion, the same is sustained, we being unable to find them embraced among "papers regularly filed in a cause with the clerk of the district court," as defined in Territory v. McGrath, 16 N. M. 202, 114 P. 364, as "include only such papers which by statute, or rule, or order of court are required or directed to be filed," and it is so ordered.

PARKER, C. J., and WATSON, J., concur.